## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BENJAMIN WALBORN, individually and as parent and natural guardian of minor children B.W. and I.W.; MELISSA WALBORN, individually and as parent and natural guardian of minor children B.W. and I.W.<br><br>Plaintiff(s),<br><br>vs<br>.<br><br>ORANGE BEACH CITY BOARD OF EDUCATION; ORANGE BEACH CITY SCHOOL DISTRICT; WILLIAM R. WILKES, in his individual and official capacities; MARY CATHERINE LAW, in her individual and official capacities; JOHN/JANE DOES 1 through 10, inclusive and ABC BUSINESS ENTITIES 1 through 10, inclusive,<br><br>Defendant(s). | __CIVIL ACTION__<br><br><br><br>CASE NO.:<br><br><br>__JURY DEMAND REQUESTED__ |

## COMPLAINT

COME NOW the Plaintiffs, Benjamin Walborn and Melissa Walborn, individually and as parents and natural guardians of their minor children, B.W. and I.W., and, in accordance with the Alabama Rules of Civil Procedure, hereby file this Complaint for relief against the Defendants, Orange Beach City Board of Education; William R. Wilkes, individually and in his official capacity as Superintendent of Orange Beach City Schools; Mary Catherine Law, individually and in her official capacity as a Principal in the Orange Beach City Schools; and Does 1 through 10,

1

inclusive, and state as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction under 28 U.S.C. §1331, as the causes of action contained herein invoke federal question jurisdiction, as Plaintiff brings claims arising under federal law.

2. This court has supplemental jurisdiction over the Plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

3. Venue for this action properly lies in this Judicial District pursuant to 28 U.S.C. §1391(b) because the events that give rise to the claims in this action occurred in this District.

## PARTIES

4. Plaintiff, Benjamin Walborn, at all relevant times was an adult resident of Escambia County, Florida, and the natural parent and guardian of the minor children B.W. and I.W.

5. Plaintiff, Melissa Walborn, at all relevant times was an adult resident of Escambia County, Florida, and the natural parent and guardian of the minor children B.W. and I.W.

6. The Plaintiffs bring this action on behalf of themselves and their minor children for injuries and damages arising out of the wrongful and illegal expulsion of their children's from Orange Beach City Schools in Baldwin County, Alabama.

7. The Defendant, Orange Beach City Board of Education, is a public educational board responsible for policymaking and governance over Orange Beach City Schools and was responsible for enforcing Resolution 2024-01, and Board Policy 5.11 which governed non-resident student enrollment.

8. The Defendant, Orange Beach City School District, is a public school district and local education agency responsible for the operation of the Orange Beach City Schools and for

ensuring compliance with applicable laws and policies.

9.  The Defendant, William R. Wilkes, is an adult resident of Baldwin County, Alabama, and was at all relevant times the Superintendent of Orange Beach City Schools. He was the final authority for the decision to expel B.W. and I.W. without due process and failed to adhere to the Board's non-resident enrollment policies.

10. The Defendant, Mary Catherine Law, is an adult resident of Baldwin County, Alabama, and was at all relevant times the Principal of Orange Beach Elementary School. Upon information and belief, she played a role in enforcing or supporting the decision to revoke the enrollment of B.W. and I.W. without justification.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants JOHN/JANE DOES 1 through 10, inclusive, and ABC BUSINESS ENTITIES 1 through 10, inclusive, are unknown to the Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as JOHN/JANE DOES 1 through 10, inclusive, and/or ABC BUSINESS ENTITIES 1 through 10, inclusive, is responsible in some manner for the events and wrongful actions described herein and caused injury and damages proximately thereby to Plaintiffs.

12. Plaintiffs will seek leave of this Court to amend this Complaint to insert the true names and capacities of JOHN/JANE DOES and/or ABC BUSINESS ENTITIES when the same have been ascertained, together with appropriate charging allegations, and adjoin such Defendants in this action.

13. The amount in controversy exceeds the minimum jurisdictional threshold of this

Honorable Court.

## FACTUAL ALLEGATIONS

### Parties and Enrollment

14. Plaintiffs Benjamin and Melissa Walborn are the parents and natural guardians of B.W. and I.W., minor children who, at all relevant times, were enrolled as non-resident students in Orange Beach City Schools, Baldwin County, Alabama.

15. Plaintiffs resided in Escambia County, Florida, and enrolled their children pursuant to School Board Policy 5.11 ("Policy"), which expressly authorizes non-resident enrollment. A true and correct copy of the Policy is attached as **Exhibit A**.

16. The Policy, as supplemented by Resolution 2024-01, provides that non-resident students, once accepted, remain enrolled through graduation so long as they are in good standing, without the need for annual reapplication.

### Policy Grounds for Revocation

17. Policy 5.11 limits revocation of non-resident enrollment to specific grounds: inappropriate behavior, poor attendance, unsatisfactory academic performance, falsification of documents, late tuition payments, attempts to circumvent policies, or other good and sufficient reason. (**Ex. A at p. 94**).

18. Neither "adult disputes" nor "parental conflict" appears among the permissible grounds for revocation.

### Events Leading to Dismissal

19. On or about July 13, 2024, B.W. participated in a private text message group with six other students regarding the online video game *Fortnite*. Several students made hostile and aggressive remarks toward B.W., constituting bullying.

20. On July 16, 2024, Plaintiffs contacted the parents of those students in an effort to resolve the matter. They were instead met with false accusations that Plaintiff Ben Walborn authored the messages himself.

21. At the time of the chat, Mr. Walborn was in Geneva, Switzerland on business, without access to B.W.'s devices. The messages were sent from B.W.'s iPad and written solely by B.W., as he later admitted.

22. On July 30, 2024, Mr. Walborn reported the bullying to Superintendent William R. Wilkes and requested that B.W. be placed in a different homeroom from the aggressors. No protective measures were discussed; Wilkes stated only that he would "be in touch."

23. On August 1, 2024—less than two days later—Wilkes issued a letter unilaterally revoking the enrollment of both B.W. and I.W., effective immediately.

## The Expulsion

24. The expulsion letter, copied to School Board Attorney Nash Campbell, Principal Mary Catherine Law, and Chief School Financial Officer Matt Gray, accused B.W. of "hostile" participation in the chat in violation of the Code of Conduct, despite his role as the bullying target.

25. No investigation was conducted, no notice was provided, and no hearing was offered to Plaintiffs or the children.

26. I.W. was expelled despite no involvement in the chat and no disciplinary history. Even

assuming *arguendo* that B.W. 's expulsion had a valid basis, I.W.'s removal was wholly without cause.

## Due Process Violations and Retaliation

27. Plaintiffs were afforded no procedural safeguards, in direct violation of their due process rights and contrary to Policy 5.11 and Resolution 2024-01.

28. When contacted, Attorney Campbell admitted he was unfamiliar with the facts but speculated a message "looked like it was written by an adult," without explanation or evidence of investigation. B.W.'s record of straight-A performance in English Language Arts demonstrates his writing ability. Mr. Walborn denied it being written by an adult.

29. The expulsion forced B.W. to enroll in a new school after the academic year began, and left I.W. without available placement, resulting in her being homeschooled.

30. Defendants delayed returning tuition funds and transferring student records until pressured by counsel, further disrupting the children's education.

31. Upon information and belief, one or more parents of the students involved in the bullying are politically connected in the Orange Beach community, and these connections influenced Defendants' retaliatory decision to expel Plaintiffs' children.

32. Defendants' actions were arbitrary, retaliatory, and procedurally improper, causing severe educational, emotional, and reputational harm to the Walborn family.

## FIRST CAUSE OF ACTION
## VIOLATION OF DUE PROCESS RIGHTS
## (FOURTEENTH AMENDMENT – 42 U.S.C. § 1983)
## AGAINST ALL DEFENDANTS

33. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

34. The Fourteenth Amendment to the United States Constitution provides that no state shall deprive any person of life, liberty, or property without due process of law.

35. Plaintiffs' minor children, B.W. and I.W., had a protected property interest in their continued enrollment in Orange Beach City Schools under Resolution 2024-01 and Policy 5.11, which guaranteed non-resident students the right to remain enrolled so long as they complied with school policies. Again, the Defendants have cited no violation of policy and only made vague reference to parental conflict. Further, Defendants have provided no evidence to support their allegations.

36. Defendants, acting under color of state law, deprived Plaintiffs and their minor children of their constitutional right to procedural due process by:

    a. Revoking B.W. and I.W.'s enrollment without prior notice or justification;

    b. Failing to provide Plaintiffs with a hearing, opportunity to respond, or other procedural protections before expelling their children;

    c. Issuing the expulsion decision based on arbitrary and unsupported allegations without an investigation; and

    d. Failing to adhere to the procedural requirements of Resolution 2024-01 and Board Policy 5.11, which governed non-resident student enrollment.

37. Defendant William R. Wilkes, as Superintendent, was the final decision-maker in revoking B.W. and I.W.'s enrollment and failed to provide procedural safeguards before doing so.

38. Defendant Mary Catherine Law, as Principal, participated in enforcing the expulsion without ensuring compliance with procedural due process protections.

39. Defendants Orange Beach City Board of Education and Orange Beach City School District had a duty to ensure that their policies and actions complied with constitutional due process requirements but failed to do so.

40. As a direct and proximate result of Defendants' actions, Plaintiffs and their children have suffered significant educational, emotional, and reputational harm, including but not limited to:

    a. Disruption of B.W. and I.W.'s education;

    b. Emotional distress from the abrupt and arbitrary expulsion; and

    c. Financial hardship in seeking alternative education options.

41. Defendants' actions were willful, wanton, and carried out with deliberate indifference to Plaintiffs' constitutional rights.

WHEREFORE Plaintiffs now seek against the above named Defendants, Declaratory relief that Defendants' actions violated Plaintiffs' Fourteenth Amendment due process rights; Injunctive relief ordering Defendants to reverse the expulsion and reinstate B.W. and I.W.; Compensatory damages for the harm caused; Punitive damages against the individual Defendants for their reckless disregard of constitutional protections; Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and; any other relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE FIRST AMENDMENT (42 U.S.C. § 1983) AGAINST ALL DEFENDANTS

42. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

43. The First Amendment to the United States Constitution protects individuals from government retaliation for engaging in protected speech and petitioning the government for redress of grievances.

44. Plaintiffs engaged in constitutionally protected speech and conduct by:

   a.  Reporting concerns of bullying involving their son, B.W., to school officials, including Defendant Wilkes;

   b.  Requesting that B.W. not be placed in the same homeroom as his harassers; and

   c.  Raising concerns about how the school was handling the situation.

45. Shortly after Plaintiffs exercised their First Amendment rights, Defendants retaliated by revoking B.W. and I.W.'s enrollment, despite no evidence of a valid policy violation.

46. The temporal proximity between Plaintiffs' complaints and the expulsion—occurring within 48 hours of Mr. Walborn's phone call to Defendant Wilkes—strongly indicates that the expulsion was retaliatory and motivated by Plaintiffs' speech.

47. Defendant William R. Wilkes, as Superintendent, was the final decision-maker in the expulsion and acted with retaliatory intent by expelling the Walborn children without notice, hearing, or justification.

48. Defendant Mary Catherine Law, as Principal, participated in enforcing the retaliatory expulsion without ensuring compliance with constitutional protections.

49. Defendants Orange Beach City Board of Education and Orange Beach City School District failed to train or supervise their employees to prevent unconstitutional retaliation against parents and students who speak out about school concerns.

50. As a direct and proximate result of Defendants' unconstitutional retaliation, Plaintiffs and

their children have suffered significant harm, including but not limited to:

    a.  Loss of educational opportunities for B.W. and I.W.;

    b.  Emotional distress and reputational harm; and

    c.  Financial hardship in seeking alternative schooling.

51. Defendants' actions were willful, wanton, and carried out with deliberate indifference to Plaintiffs' constitutional rights.

WHEREFORE Plaintiffs now seek against the above named Defendants Declaratory relief that Defendants' actions violated Plaintiffs' Fourteenth Amendment due process rights; Injunctive relief ordering Defendants to reverse the expulsion and reinstate B.W. and I.W.; Compensatory damages for the harm caused; Punitive damages against the individual Defendants for their reckless disregard of constitutional protections; Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and; any other relief as this Court may deem just and proper.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (VIOLATION OF RESOLUTION 2024-01 and BOARD POLICY 5.11)
### AGAINST DEFENDANTS ORANGE BEACH CITY BOARD OF EDUCATION AND
### ORANGE BEACH CITY SCHOOL DISTRICT

52. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53. Resolution 2024-01, enacted by the Orange Beach City Board of Education, established the enrollment rights of non-resident students, including Plaintiffs' minor children, B.W. and I.W.

54. Resolution 2024-01 provided that once a non-resident student was accepted for enrollment, they would not be required to reapply annually and would remain enrolled through graduation, so long as they complied with all applicable school policies.

55. School Board Policy 5.11 further clarifies the resolution and provides that a student may only be dismissed for certain actions, conduct or criteria.

56. Plaintiffs complied with all terms and conditions of Resolution 2024-01, including ensuring that B.W. and I.W. followed school policies and remained in good standing.

57. The Resolution constituted a contract between the Board of Education and non-resident students and their families, including Plaintiffs, under which Defendants were obligated to honor the enrollment rights granted.

58. Defendants materially breached the contract by:

    a. Revoking B.W. and I.W.'s enrollment without notice, justification, or adherence to the requirements of Resolution 2024-01;

    b. Failing to provide any due process protections prior to expulsion, contrary to the implicit and explicit terms of the resolution; and

    c. Failing to adhere to the agreed-upon non-resident student protections, thereby depriving Plaintiffs of the educational benefits promised under the policy.

59. As a direct and proximate result of Defendants' breach, Plaintiffs and their children have suffered significant harm, including but not limited to:

    a. Loss of educational access for B.W. and I.W.;

    b. Emotional distress and reputational harm due to the arbitrary expulsion;

    c. Financial expenses related to alternative education and legal intervention to remedy the breach; and

    d. Disruption to their children's academic progress, causing lasting harm to

their education.

60. Defendants' actions were willful, wanton, and carried out with deliberate indifference to Plaintiffs' constitutional rights.

WHEREFORE Plaintiffs now seek against the above named Defendants, Declaratory relief that Defendants breached their obligations under Resolution 2024-01 and Board Policy 5.11; Injunctive relief ordering Defendants to reinstate B.W. and I.W. in accordance with their enrollment rights; Compensatory damages for the harm suffered due to the Defendants' breach; Attorney's fees and costs incurred in enforcing the terms of the Resolution 2024-01 and Board Policy 5.11; and any other relief this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE
## AGAINST ALL DEFENDANTS

61. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. Defendants owed Plaintiffs and their minor children a duty of care to follow established policies and procedures regarding student enrollment, discipline, and due process protections.

63. Defendants breached their duty of care by:

    a. Expelling B.W. and I.W. without proper notice, investigation, or procedural safeguards;

    b. Failing to follow Resolution 2024-01's protections for non-resident students;

    c. Neglecting to investigate the allegations or provide a hearing before making a final determination;

    d. Failing to adequately train or supervise school officials in handling disciplinary

and enrollment matters;

    e. Delaying the transfer of student records and tuition refunds, thereby interfering with the children's ability to continue their education.

64. Defendant William R. Wilkes, as Superintendent, had a duty to ensure school policies were followed in a lawful and fair manner but instead arbitrarily revoked the students' enrollment.

65. Defendant Mary Catherine Law, as Principal, had a duty to protect the educational rights of students under her administration and negligently failed to ensure procedural safeguards before enforcing the expulsion.

66. Defendant Matt Gray, as Chief School Financial Officer, had a duty to ensure proper handling of tuition refunds and student record transfers but failed to act timely, further harming Plaintiffs.

67. Defendants Orange Beach City Board of Education and Orange Beach City School District had a duty to ensure compliance with governing policies and constitutional requirements but failed to prevent the wrongful expulsion of B.W. and I.W.

68. As a direct and proximate result of Defendants' negligence, Plaintiffs and their minor children suffered:

    a. Educational harm, including disruption of academic progress and homeschooling requirements for I.W.;

    b. Emotional distress, including anxiety, humiliation, and stress caused by the arbitrary expulsion;

    c. Financial damages, including expenses incurred due to the need for

alternative educational arrangements and legal intervention;

d.  Reputational damage, both to Plaintiffs and their children, resulting

from the manner in which the expulsion was handled.

WHEREFORE Plaintiffs now seek against the above named Defendants: Compensatory damages for all losses suffered as a result of Defendants' negligence; Punitive damages to deter similar wrongful conduct by Defendants in the future; Attorney's fees and costs incurred in pursuing this action; and any other relief this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
## AGAINST ALL DEFENDANTS

69. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70. Defendants engaged in extreme and outrageous conduct by:

a.  Unilaterally expelling B.W. and I.W. without notice, justification, or an opportunity to be heard, despite knowing that their expulsion would cause severe distress;

b.  Knowingly disregarding Plaintiffs' concerns about bullying and instead punishing the victims by revoking their enrollment;

c.  Failing to conduct any proper investigation and falsely attributing "hostile" behavior to B.W. without evidence;

d.  Retaliating against Plaintiffs after they raised legitimate concerns about their son's treatment; and

e.  Causing severe emotional and psychological harm to Plaintiffs and their

children by abruptly disrupting their education, damaging their reputation, and isolating them from their peers.

71. Defendants acted with reckless disregard for the emotional well-being of Plaintiffs and their children, knowing that their actions would cause significant distress.

72. As a direct and proximate result of Defendants' conduct, Plaintiffs and their children have suffered severe emotional distress, including but not limited to:

    a. Anxiety, humiliation, and mental anguish from the wrongful expulsion;

    b. Feelings of ostracization and loss of community due to the removal from their school environment;

    c. Emotional trauma for I.W., who was expelled despite having no involvement in the alleged conduct; and

    d. Loss of trust in authority figures and school administrators, impacting the children's ability to engage in future educational environments.

73. Defendants' conduct was willful, wanton, and carried out with deliberate indifference to the harm they inflicted upon Plaintiffs and their children.

WHEREFORE Plaintiffs now seek against the above named Defendants Compensatory damages for emotional distress, suffering, and mental anguish; Punitive damages to deter Defendants from engaging in similar misconduct in the future; Attorney's fees and costs incurred in pursuing this action; and any other relief this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
## AGAINST ALL DEFENDANTS

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

75. Plaintiffs and their minor children, B.W. and I.W., had a valid and enforceable contractual relationship with the Orange Beach City Board of Education and Orange Beach City School District under Resolution 2024-01, which guaranteed non-resident students continued enrollment through graduation so long as they complied with school policies.

76. Defendants Wilkes, Law, and Campbell knew of the existence of this contractual relationship and were aware that Plaintiffs had complied with all terms of the agreement.

77. Despite this knowledge, Defendants intentionally and unjustifiably interfered with Plaintiffs' contractual relationship by:

    a. Unilaterally revoking B.W. and I.W.'s enrollment without cause, violating the protections of Resolution 2024-01;

    b. Failing to conduct a proper investigation before taking adverse action against Plaintiffs and their children;

    c. Misrepresenting the facts surrounding the expulsion decision, including falsely attributing inappropriate behavior to B.W.; and

    d. Engaging in retaliatory conduct after Plaintiffs raised concerns about bullying, which was not a legitimate basis for interfering with their enrollment contract.

78. Defendants acted willfully and maliciously, with the intent to harm Plaintiffs' contractual rights and remove their children from the school system without justification.

79. As a direct and proximate result of Defendants' wrongful interference, Plaintiffs suffered damages, including but not limited to:

    a. Loss of contractual benefits, including the continued enrollment of B.W. and

I.W. at Orange Beach City Schools;

     b.   Emotional distress and reputational harm caused by the abrupt expulsion and false allegations;

     c.   Financial damages, including costs associated with alternative schooling and legal intervention; and

     d.   Disruption to B.W. and I.W.'s education, negatively impacting their academic progress.

80. Defendants' conduct was willful, wanton, and carried out with reckless disregard for Plaintiffs' contractual rights.

WHEREFORE Plaintiffs now seek against the above named Defendants Compensatory damages for the loss of their contractual rights and the harm suffered as a result of Defendants' interference; Punitive damages to deter Defendants from engaging in similar misconduct in the future; Attorney's fees and costs incurred in pursuing this action; and any other relief this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### ARBITRARY AND CAPRICIOUS DECISION MAKING
### IN VIOLATION OF ALABAMA LAW
### AGAINST ALL DEFENDANTS

81. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. Under Alabama law, governmental actions, including school board decisions, must be reasonable, non-discriminatory, and adhere to established policies and procedures.

83. Defendants had a legal duty to ensure that decisions affecting student enrollment and disciplinary actions were made in a fair, rational, and lawful manner in accordance with

governing policies, including Resolution 2024-01.

84. Defendants' actions in revoking B.W. and I.W.'s enrollment were arbitrary, capricious, and lacked any rational basis, as they:

    a. Failed to conduct an investigation before expelling the students;

    b. Failed to provide notice, a hearing, or an opportunity to respond, violating fundamental fairness;

    c. Expelled B.W. and I.W. without any clear policy violation, despite their prior good standing; and

    d. Deprived Plaintiffs' children of their right to continued enrollment, in direct contradiction of Resolution 2024-01.

85. Defendants acted in bad faith by retaliating against Plaintiffs for reporting bullying and seeking basic accommodations for their son.

86. Defendants' arbitrary and capricious conduct resulted in significant harm to Plaintiffs, including:

    a. Loss of educational opportunities for B.W. and I.W.;

    b. Emotional distress and reputational harm; and

    c. Financial hardship due to alternative educational arrangements and legal intervention.

WHEREFORE Plaintiffs now seek against the above named Defendants, Declaratory relief finding that Defendants' actions were arbitrary and capricious under Alabama law; Injunctive relief ordering Defendants to reinstate B.W. and I.W. and preventing further violations of Resolution 2024-01; Compensatory damages for the harm suffered due to Defendants'

misconduct; Attorney's fees and costs incurred in pursuing this action; and any other relief this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## FAILURE TO PROVIDE EQUAL PROTECTION
### (Fourteenth Amendment – 42 U.S.C. § 1983)
### AGAINST ALL DEFENDANTS

87. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88. The Equal Protection Clause of the Fourteenth Amendment prohibits government officials from selectively enforcing laws or policies in a discriminatory or arbitrary manner.

89. Plaintiffs' minor children, B.W. and I.W., were treated differently than similarly situated students without a rational basis, in violation of their equal protection rights.

90. Defendants engaged in selective and arbitrary enforcement by:

    a.  Expelling B.W. and I.W. without conducting a formal investigation, while other similarly situated students were not subjected to the same punishment;

    b.  Targeting B.W. for discipline while failing to take action against students who engaged in bullying in the same group chat;

    c.  Expelling I.W., who was not involved in the alleged misconduct, without justification, demonstrating disparate treatment; and

    d.  Retaliating against Plaintiffs for exercising their right to report bullying, treating them differently than other parents who had not raised concerns.

91. Defendants' unequal treatment of B.W. and I.W. was motivated by improper factors, including political and personal influence from other parents within the community,

rather than a legitimate educational or disciplinary purpose.

92. Defendant William R. Wilkes, as Superintendent, was responsible for ensuring the fair and equal application of school policies but instead oversaw an expulsion that disproportionately targeted Plaintiffs' children.

93. Defendant Mary Catherine Law, as Principal, participated in enforcing this unequal treatment by failing to prevent the wrongful expulsion.

94. Defendants Orange Beach City Board of Education and Orange Beach City School District had a duty to ensure fair treatment of all students under school policies but allowed a discriminatory and arbitrary expulsion to occur.

95. As a direct and proximate result of Defendants' violations of the Equal Protection Clause, Plaintiffs and their children suffered harm, including:

    a. Loss of educational opportunities due to the arbitrary expulsion;

    b. Emotional distress and reputational harm caused by the discriminatory treatment; and

    c. Financial expenses related to alternative education and legal intervention.

96. Defendants' actions were intentional, reckless, and carried out with deliberate indifference to Plaintiffs' constitutional rights.

WHEREFORE Plaintiffs now seek against the above named Defendants, Declaratory relief finding that Defendants' actions violated the Equal Protection Clause of the Fourteenth Amendment; Injunctive relief ordering Defendants to reinstate B.W. and I.W. and preventing further discriminatory actions; Compensatory damages for the harm suffered as a result of

Defendants' unconstitutional conduct; Punitive damages against the individual Defendants for their reckless disregard of constitutional protections; Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and any other relief this Court deems just and proper.

## TENTH CAUSE OF ACTION
## DEFAMATION

97. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

98. Defendant, Wilkes published and/or communicated false and defamatory statements of and concerning Plaintiff Benjamin Walborn to third parties, including but not limited to the School Board and potentially other school staff.

99. These statements included, inter alia, that Plaintiff Benjamin Walborn used his sons tablet to harass other minor children.

100. The statements made by Defendant were false and not privileged.

101. Defendant knew the statements were false at the time they were made, or acted with reckless disregard for the truth, or acted negligently in failing to ascertain the truth or falsity of the statements. Specifically, Defendant failed to conduct an adequate investigation of the matter.

102. Defendant published said statements with actual malice, ill will, or with intent to harm Plaintiff's reputation.

103. As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff has suffered harm, including but not limited to injury to reputation, humiliation, embarrassment, emotional distress, and economic damages.

104. Under Alabama law, statements imputing criminal conduct, dishonesty, or professional

incompetence are considered *defamation per se* and damages are presumed.

WHEREFORE Plaintiffs now seek against the above named Defendants, Declaratory relief finding that Defendants' actions violated the Equal Protection Clause of the Fourteenth Amendment; Injunctive relief ordering Defendants to reinstate B.W. and I.W. and preventing further discriminatory actions; Compensatory damages for the harm suffered as a result of Defendants' unconstitutional conduct; Punitive damages against the individual Defendants for their reckless disregard of constitutional protections; Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and any other relief this Court deems just and proper.

## TENTH CAUSE OF ACTION
## INJUNCTIVE AND DECLARATORY RELIEF
## (TO REVERSE EXPULSION AND PREVENT FUTURE RETALIATION) AGAINST ALL DEFENDANTS

105.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

106.    An actual and ongoing controversy exists between Plaintiffs and Defendants regarding the wrongful expulsion of B.W. and I.W. and the retaliation suffered by Plaintiffs for exercising their rights.

107.    Defendants' actions in expelling B.W. and I.W. without due process, in violation of Resolution 2024-01, and in retaliation for Plaintiffs' complaints of bullying, have caused and continue to cause irreparable harm to Plaintiffs and their children.

108.    Plaintiffs have no adequate remedy at law, as monetary damages alone cannot fully restore the lost educational opportunities, emotional distress, and reputational harm caused by Defendants' actions.

WHEREFORE, Plaintiffs seek injunctive relief requiring Defendants to:

    a.  Immediately reinstate B.W. and I.W. to Orange Beach City Schools with full rights and privileges as provided under Resolution 2024-01;

    b.  Remove any disciplinary notations or references related to the wrongful expulsion from their school records;

    c.  Cease any retaliatory actions against Plaintiffs or their children for raising concerns about school policies or bullying;

    d.  Implement policies and training to ensure compliance with constitutional due process and non-discrimination requirements in future disciplinary decisions.

WHEREFORE, Plaintiffs further seek declaratory relief declaring that:

    a.  Defendants' actions violated Plaintiffs' constitutional rights under the First and Fourteenth Amendments;

    b.  The expulsion of B.W. and I.W. was unlawful, arbitrary, and capricious;

    c.  Resolution 2024-01 grants non-resident students a protected right to continued enrollment absent cause for removal and due process protections; and

    d.  Any future retaliation by Defendants against Plaintiffs or their children for exercising their legal rights is unlawful.

WHEREFORE Plaintiffs further seek against the above named Defendants, Preliminary and permanent injunctive relief reinstating B.W. and I.W. to Orange Beach City Schools and preventing further retaliation; Declaratory relief affirming that Defendants' actions were unlawful and unconstitutional; Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and any

other relief this Court deems just and proper.

WHEREFORE, *in toto,* Plaintiffs Benjamin Walborn and Melissa Walborn, individually and as parents and natural guardians of their minor children, B.W. and I.W., demand judgment against Defendants Orange Beach City Board of Education, Orange Beach City School District, William R. Wilkes (in his individual and official capacities), Mary Catherine Law (in her individual and official capacities), and Does I through X, inclusive, for:

1. Compensatory damages under 42 U.S.C. § 1983 for violations of Plaintiffs' First and Fourteenth Amendment rights, including emotional distress, reputational harm, and financial losses;

2. Punitive damages against the individual Defendants for their willful and malicious conduct;

3. Declaratory relief affirming that Defendants' actions were unlawful, arbitrary, and unconstitutional;

4. Injunctive relief ordering Defendants to:

   a. Reinstate B.W. and I.W. as students at Orange Beach City Schools;

   b. Expunge any negative disciplinary records related to the wrongful expulsion;

   c. Cease all retaliatory actions against Plaintiffs and their children; and

   d. Implement policies and training to prevent future violations of student and parental rights;

5.  Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

6.  Pre- and post-judgment interest as allowed by law; and

7.  Any further relief this Court deems just and proper.


/s/ John T. Fisher, Lead Counsel
PO Box 364
Fairhope, AL 36533
205-782-6200
Johnfisher@tuscaloosalawyers.com

Dated: December 18, 2025